Warden. Oral argument not to exceed 15 minutes per side. Mr. Schultz for the respondent opponent. Good morning, your honors, and may it please the court. Assistant Attorney General Jared Schultz on behalf of the respondent. I would like to reserve three minutes for rebuttal. Fine. Thank you. The district court granted the extraordinary remedy of habeas relief because it believed that counsel should have argued that Mr. Boylan's felony murder prosecution was precluded by certain sentencing findings made during a different earlier case. Neither the state nor any court was ever aware of this theory until the district court brought it up and used it as a basis to grant relief in its final opinion and order. That was wrong for at least three reasons. First, because the petitioner never relied on this theory or presented it within an argument, the basic rules of pleading of habeas review under AEDPA and the habeas rules should have precluded relief. Can you just clarify, are you arguing that this should be dismissed under 2254B for like a failure to exhaust theory or your brief seemed to suggest under D? Correct. We're not arguing a failure to exhaust theory here. I think there's similar principles. Under AEDPA, you have to show that all fair-minded jurists would have both identified the theory for relief and used it as a basis to grant relief. You cannot say here that all fair-minded jurists would have identified this particular theory, that the sentencing findings operated to preclude the future felony murder trial, because he never mentioned the sentencing findings at all within his state court pleadings. So yes, we are arguing under D, not an exhaustion theory. So the second reason that this court should reverse is even this court has said that relying on sentencing findings to preclude a future proceeding is questionable at best and it's a novel legal theory in the state of Michigan and counsel cannot be ineffective for failing to erase a novel legal theory. And then third... Has any Michigan court, I mean you're from the Michigan AG's office, has any Michigan court given preclusive effect to findings at a criminal sentencing? Not that I am aware, no. And Your Honor, the petitioner cites several cases within his brief. Two out of the three that he cites primarily don't have anything to do with sentencing findings whatsoever. There is a third case that he cites, People v. Jackson, but that deals with habitual offender status and at that time habitual offender status was determined by a jury determination. It is no longer the case anymore. And also I would like to point out in that case what was being precluded was not a future trial, but it was the future habitual offender status at the subsequent proceeding. It's not the same thing as what we have here. Suppose hypothetically that the state court judge said in the first case, I find that you are not, did not participate in another offense and therefore I am denying the O.V. 2 or whatever it was. Would that explicit statement be binding in any way in future litigation in Michigan? I don't think so because the judge in the sentencing hearing was not asked to make that determination. No, but I'm giving you a hypo. Is there any circumstance where there's an explicit statement by the trial judge at sentencing that is directly answering the question in the subsequent case that that would be binding? Because normally, and we'll hypothesize that it's necessary to the decision in the first case, normally an explicit trial judge would seem to be binding and preclude re-litigation of that issue. And I'm just, it seems odd that that wouldn't be the case in Michigan. Are you saying if they were actually decided? Yeah, if it was actually, I mean, you can say that what was decided here is different and so forth, but I'm just trying to say that I don't think explicit sentencing finding by a trial judge in Michigan would be binding in future cases. And if not, why not? It seems like it would be an exception to the normal rules of preclusion unless you're saying somehow sentencing is different. Well, I do think sentencing is different because, first of all, in Michigan sentencing, the guidelines are not mandatory. They're advisory only. So it can never be essential to the judgment to tack on certain points to certain sentencing guidelines. So that's the key then, that it's never essential to the judgment? That and as well as the opportunity that the prosecutor has. I don't see how... Why doesn't the prosecutor have lots of opportunities at sentencing? Well, a full and fair opportunity. Doesn't it have a full and fair opportunity? I've always thought sentencing prosecution was largely in control of. Well, yes, to prove those sentencing facts, but that's not the same as the prosecutor's motivation to prove beyond a reasonable doubt to a jury in a subsequent proceeding. It's just, it's a completely different motivation to prove certain sentencing factors in a subsequent proceeding. By a preponderance of the evidence so that you can add some points to a sentencing guideline. The prosecutor typically doesn't put on evidence, doesn't put on any witnesses in a sentencing hearing. It's completely different then to prove a certain element or elements in a subsequent prosecution when you're putting on witnesses and exhibits to prove a certain point. It's just, it's not the same motivation. So then would the same principle apply to the individual being sentenced, that he could never be bound by the statement by a Michigan trial judge that he was involved in something or some other statement by the Michigan trial judge that was being used to sentence him under the preponderance of the evidence standard? Yes, I think that's absolutely true, especially for a defendant because, again, like you said, Your Honor, that's a preponderance of the evidence. It's a preponderance of the evidence standard, whereas in prosecution you have to prove beyond a reasonable doubt that all the elements were met. So, and again, I guess we're sticking to the elements of issue preclusion here, which kind of goes to the prejudice prong of the Strickland claim. This just was not the same issue here presented. The multiple offender is a legal term that Michigan courts have said, all it means is that if you have two offenders, co-defendants on a case, and one offender has scored a certain amount of points, that the other offender has to be scored the same amount of points. To say that this was not a multiple offender situation under OBs 1 and 2, all the court necessarily said was that there was not another co-defendant to compare and assess the same amount of points. So, I mean, is it that formal? I mean, I understand the exchange you're referring to, where it was the defense counsel who argues that this is not a multi-offender situation because there are no co-defendants in the case. Is that what was happening? Yes, there were other arguments made, but that is what the defense counsel said. The first thing that he argued was that this is not a co-defendant case, and therefore it cannot be scored. And then the judge, the judge isn't entirely clear about whether the judge is accepting that rationale. Some of the judges says this isn't a multi-offender case, right? Okay. Yes, and then that's right, Your Honor. There was some argument between the prosecutor and the defense counsel, but ultimately all of the defense counsel argued that this is not a multi-offender case. And then all the trial court said was, I don't find this to be a multi-offender case. I'm not going to score the points. So he didn't, the trial judge didn't say anything about whether the aiding and abetting elements were met, and under the Michigan case law he couldn't have given what multi-offender means legally for the purposes of those offense variables. So I guess I'll go to my first point, which is that the petitioner never relied on this particular theory. What's the import of that, though? You're not saying it's unexhausted. Is that just an indication of the obscurity of this theory and why, you know, it wouldn't be deficient for a lawyer not to have sort of thought it up? Ergo what? Well, the district court said that the Michigan Court of Appeals was unreasonable for not even pointing to the sentencing findings. Right. Neither did the petitioner. Right. And I guess that's my point, is under AEDPA you have to show that all fair-minded jurists would have identified that theory. He raised a broad issue preclusion. I had this prior prosecution. It should have precluded this future prosecution. The Court of Appeals, Michigan Court of Appeals, identified what it believed the argument was, but to say that all fair-minded jurists would have said, no, it was the sentencing findings that you should have used to analyze the issue preclusion claim, I don't think is a fair assessment here, because not only was it the sentencing findings not mentioned in the brief, they're not even contained in the record, because this is part of a transcript of an entirely separate case. It's a separate case number in the lower courts. Surely counsel would be aware of the separate case. Yes, I believe if he wasn't, he should have been, absolutely. Okay, I see, but as far as the Michigan Court of Appeals, they might not have known all the particulars of another case. Correct. And then in federal court and the district court below, the petitioner included even less information. Not only did he not point to the sentencing findings, not mention the sentencing findings, but he also didn't even mention preclusion principles, res judicata, collateral estoppel, whatsoever. Was the petitioner represented in the district court? I don't believe so, because this was on a forum petition, and he was actually asked to resubmit a forum petition after the first one wasn't clear. So I don't believe he was represented in the district court. And I understand, Your Honor, that pro se petitions should be given the benefit of liberal construction. However, that means if you present the facts, and you have a clear, this means this, this is a basis for relief, but don't identify a certain legal theory, then yes, we can liberally construe this to be presenting a certain legal claim. That's not what we have here. We don't even have the basic underlying facts to identify a certain legal theory here. All we have was a petitioner saying, I was prosecuted previously, this was what I was, and I see my time is up, can I finish my point? That I was previously prosecuted for unlawfully driving away, there were other offenders in this crime, the shooter was already prosecuted for murder, these other offenders were already determined, their roles were determined, and that it was unfair for the prosecutor to then subsequently, a year later, charge me with murder. Nothing in that claim says issue preclusion and that facts should have precluded the subsequent trial. If there are no other questions, I save my remaining time for rebuttal. Thank you. May it please the court, Dana Raphael, Court Appointed Counsel for Appellee Deshaun Boylan. The state of Michigan prosecuted and Boylan pled guilty to unlawful driving away of an automobile. At sentencing, the trial court rejected the prosecutor's theory that Boylan was one of, quote, multiple offenders within the same set of facts. The victim was not the victim. The very same prosecutor then came back and charged Boylan with felony murder on the theory that this was a multiple offender case. Not because of any new evidence, but because the prosecutor had secured a first degree murder verdict for the shooter. Any Michigan defense lawyer worth their salt would have raised Michigan's collateral estoppel defense to the subsequent prosecution. Yet Boylan's counsel inexplicably never raised that potentially outcome preclusive defense, never even looked into it, and Boylan is now serving a mandatory life without parole sentence when his unlawful driving away sentence would have expired next month. So this is based on, again, the determination at sentencing that the first case was not a multi defendant case, I'm sorry, a multi offender case. Yes, the trial court said explicitly after hearing argument both from the prosecutor and from Boylan's counsel that he did not find this to be a multiple offender case and would not assess points related to the shooting death of the victim. And, I mean, so there are multiple obstacles to giving that preclusive effect in the prosecution that was eventually brought here. I mean, the first is the ambiguity of the basis on which the court rejects the multi offender enhancement. And, I mean, so what do we, I mean, defense counsel argued just as a matter, you know, that it's just the formality of whether there are other defendants actually in the case. That doesn't speak at all to whether these individuals were acting in concert or something. So there's an obscurity about whether it even speaks to the same question. Yes, two responses to that, Your Honor. First, the state says in its brief reply 13 that whether Michigan gives preclusive effect to sentencing findings is not the ultimate concern here. This is an ineffective assistance of counsel claim. And, at the same time, Michigan is trying to essentially have us prove a collateral estoppel claim within that. And that's not required to show an effective account. Well, but it's not, see, I mean, that's just another layer of this. Do Michigan courts give preclusive effect at all to sentencing determinations? None ever has, ever. In 100 years of collateral estoppel in criminal cases, apparently no Michigan court has ever done what you're saying counsel should have advocated for. Not to say that counsel shouldn't have, you know, taken a flyer. But, you know, why is this such low-hanging fruit when no court has ever done it in Michigan before? So the state harps heavily on that there's no exact factual analog in another case. But, again, that's not the standard. And People v. Jackson, which did involve a sentencing proceeding. Is that one of the Virginia? No, this is the Michigan Court of Appeals. Oh, the habitual offender thing? Yes, the state focuses heavily on the fact that the sentencing proceeding also involved a jury trial in that question. But the court was still very clear that this was, quote, a sentencing matter. So the fact that that sentencing matter happened to be determined by jury trial, it doesn't change the fact that it did involve a sentencing. And the other cases that our brief cites at 35 to 36, People v. Gray and People v. Brown, People v. Gray involved a suppression hearing. Where a statement that was made there was then preclusive in a subsequent proceeding. So the fact that there are other cases that involve criminal cases and where collateral estoppel can be applied. And I would also like to direct the court to the case that Mr. Boylan argued below in both Michigan Trial Court and Michigan Court of Appeals was People v. Gates, Michigan Supreme Court decision. That decision explicitly said that collateral estoppel can apply in a criminal case to preclude relitigation of a fact that was determined in a previous proceeding. That previous proceeding was an administrative proceeding. So it had even fewer procedures than in a sentencing proceeding. And yet a fact determined there where the prosecutor wasn't even involved in that previous decision. That that could be preclusive. It wasn't preclusive in People v. Gates, but it was preclusive in a case that People v. Gates cited, which is People v. Watt. That's 320 Northwestern 2nd. And in that case, the Michigan Court of Appeals overturned a welfare fraud conviction based on collateral estoppel. Because the exact same facts had been determined previously in an administrative proceeding on whether the person should continue to receive welfare assistance. And the Court of Appeals there said that the evidence presented at the administrative hearing was essentially the same as that presented at the criminal trial. That collateral estoppel was, quote, a vital defense to the prosecutor's charge and faulted counsel for failing to have raised that defense and overturned the conviction. So was the finding in the first case essential to the judgment? Or given that another O.V. was already found to be applicable and would give the maximum sentence, was this not non-essential? So we would say that it was essential to the judgment for a few reasons. One, the state says that the trial court's decision could have been based on that there wasn't anyone else charged with unlawful driving away. But that argument was never presented to the trial court. The defense counsel argued to the trial court that because there weren't... The judge here says, like, oh, it won't make a difference which box it is in. After all of the ultimate discussions does say that. In Michigan, at this particular time, that was trying to figure out which box determined the range for a mandatory minimum sentence, not the ultimate sentence. And so it's a little bit different than it would be in federal sentencing. And about a year after this, Michigan ultimately said that the rules were going to be advisory to avoid constitutional problems. But at the time, they were mandatory. So had your client received this particular variation, your client would have gotten a higher sentence. And the judge decided in such a way, this isn't a multiple offender, and that made his sentence lower. Well, it wouldn't have changed the recommended minimum sentence range. But the trial court still retained the ultimate choice of what sentence to assess here. But you're saying it only applied to the minimum sentence, all of these OVs? So the way it worked in Michigan at the time was that these OVs went to determining a range for a minimum sentence. And the trial court could then select within that range or deviate from that range. But what happened here was that, again, all of the evidence was in at this point. The investigation was closed. There was no new evidence in. Prosecutor had everything. Prosecutor made this argument. The trial court was not convinced that this was a multiple offender offense. Presumably, if the trial court had been convinced that Mr. Boylan acted in concert with these other people and caused the death of the victim, presumably it would have selected a higher sentence than what the... But the issue in that trial was the stealing of the car as opposed to the killing of the victim. So I'm not really sure that I understand your argument. Which? The second trial? No, at the first trial. So it was a plea-based conviction for unlawful driving away? Yeah. And there was nobody else involved in the unlawful driving away. As I understand the facts, it was only Mr. Boylan who drove away. That's correct. But the offense variables that were discussed at sentencing had far more to do with than just the unlawful driving away. So the first variable that was assessed had to do with that a victim, a person ultimately died because of acts that the defendant set in motion. Now, Michigan courts have been very clear that that was just cause and fact. That the defendant set events in motion didn't require any proximate causation, no foreseeability, no knowledge, any of that. So that was the variable that was assessed first. After that was assessed, the prosecutor then continued to press that Mr. Boylan should also be assessed these two other variables. Offense variables one and two. Offense variable one involves when a firearm is discharged at or towards another person. Offense variable two is when the offender possessed or used a pistol. The prosecutor's argument was that because Mr. Boylan acted in concert with these other people, that someone at this event had a gun, that Mr. Boylan participated in this event, that he should also be assessed those offense variables. Now, it is true that at first the defense counsel said, well, you know, this only applies when there are people who are charged in the exact same case. And Michigan law never supported that argument that people had to be charged under the same case number. The prosecutor said that the fact that they're not charged under the same case number is irrelevant. The statute doesn't say co-defendants. It talks about multiple offenders. The defense counsel very quickly dropped that argument and moved on to say that there was simply no evidence here that Mr. Boylan had a gun, had any knowledge about what Guy, the shooter, was going to ultimately end up doing, did not participate in the events that led to the death, and there was extensive argument on that. The prosecutor disagreed and said that he should be held responsible for acting with these other people. And after hearing that argument, the trial court said, I don't find this to be a multiple offender offense. Now, the friend on the other side talks about, well, there wasn't a full and fair opportunity, incentives differed. This isn't a case where evidence was yet to come in, where the prosecutor didn't know what the full range of evidence would show. Everything was in at this point. But isn't your opponent's point valid that the consequences were quite different for the prosecution in that if they lost on this, as you said, it was just setting a minimum range and the trial judge had a lot of discretion as to what sentence the trial judge would give. And so the incentives for the prosecution on developing the evidence for that were slim. So, I mean, that's the state's theory, but if it were really that slim, it is unclear why after succeeding in getting this first offense variable that took it up to the 100 points, why the prosecutor could then continue to press at length these two other variables. And then even after these two variables, the prosecutor then put on a witness for evidence for a fourth variable that's not relevant in the case here, but offense variable 16, which has to do with the property value, that only added an additional five points. And yet the prosecutor put on a witness to testify to the value of the car that was stolen. And so the fact that the prosecutor had all of the relevant information before her and chose to put on evidence for an offense variable worth only five points, and yet decided not to for these other points, what it really indicates is that the prosecutor didn't think at this point in time, absent a first degree murder conviction for the shooter, wasn't prepared to go forward. So waits until gets that conviction in hand and then comes back and sandbags our client. And again, all of this, you know, the state agrees that the question is not whether Michigan gives preclusive effect to sentencing findings or whether Mr. Boylan can, in this court, prove exactly that he would succeed on a collateral estoppel. The question is whether it was deficient performance and it prejudiced Mr. Boylan that his counsel didn't even look into the collateral estoppel defense. Now, I do want to direct the court's attention to this fundamental... I mean, at some point, somebody's raising raised judicata as a bar, right? Was that, can you remind me, was that... I know by the time of the Michigan Court of Appeals decision, somebody's arguing, hey, you know, it should have been, they should have brought a motion to dismiss on grounds of raised judicata, right? That's how they put it. So Mr. Boylan filed both a motion for a new trial and then also pressed this claim in the Michigan Court of Appeals. And I do think it's pretty remarkable that counsel here is agreeing that they are not contesting exhaustion and that that does constitute... Well, you're not contesting it either, I presume. You're not saying that the basis on which the writ was granted was defaulted, right? No, no, of course not. But the state's... Yeah, it is sort of, there is a tension, you know, I get it. But, well, at some point I would like to talk, I mean, if I may, I would just like to ask you about some of the downstream things after the sentencing hearing. I mean, it seems to me that you're arguing that really there was a lack of creativity perhaps. I mean, this is a novel argument that no Michigan court has certainly squarely embraced ever. So there's a certain lack of creativity. And so, and again, this isn't direct review. This is, you know, could any rational jurist say that this was not deficient performance? And so if we then put it in the lens of, you know, the habeas statute, how is it that every rational jurist would say it was deficient, constitutionally deficient performance to neglect to make an argument that, you know, hadn't been adopted yet? So I do, a couple of responses around it. First, I do think the state is making a fundamental error in terms of what the standard is for federal habeas review. They continue to say that their opening brief and reply that there had to be clearly established U.S. Supreme Court precedent on collateral estoppel. I'm not asking about that. I mean, Strickland is kind of, you know, good enough in this context.  But then every rational jurist would have to agree that this was deficient under Strickland. And we're talking about if the, you know, it would be one thing if the Michigan Court of Appeals recognizes this frequently, but they hadn't done it before. It's novel. I would push back, Your Honor, to say that it's novel. I think People v. Watts, the case that was cited. But let's go to, just because the red light's on, why don't we just go to the bottom line and tell me why you think every reasonable person must agree that this is deficient under Strickland, given the state of the case law in Michigan? Where the district court's citing Virginia and West Virginia cases. So, several layers to that response, Your Honor. Again, we disagree that this was a novel argument under state law. It was well established going back to 1904, Michigan Supreme Court decision. And again, I think People v. Watts did a good example where the Michigan Court of Appeals overturned a criminal conviction and called collateral estoppel a vital defense to the prosecutor's charge. But putting that aside, I think there's no reasonable argument that trial counsel can satisfy Strickland when they don't even investigate a potentially preclusive state law defense. And I do think this all has to be taken against the backdrop of counsel in this case. It wasn't that there was a trade-off or a trial strategy in not pursuing this claim because there were other investigations being pursued. There were no motions filed, no witnesses or evidence put on. There were incorrect jury instructions. The defense counsel didn't object to. The entire case largely hinged on a witness who the prosecution agreed that they would not prosecute for his testimony and the defense counsel never elicited that fact. So, all of this has to be judged against what the defense counsel did. And there was no even investigation into this potentially preclusive defense. And I do want to direct the court's attention to Hinton v. Alabama. That's 571 U.S. 263. It's not an AEDPA case, but the U.S. Supreme Court did say that an attorney's ignorance on a point of law fundamental to his case combined with a failure to perform basic research on that point is, quote, a quintessential example of unreasonable performance under Strickland. And I think the court's cases as well under the AEDPA standard, Rumpilla v. Beard, Wiggins v. Smith, this court's decision, and Miller v. Strobe, that failing to raise a potentially preclusive outcome-determinative defense against ineffective assistance of counsel. Here, it prejudiced... Well, I was just going to say, it's a strong closing, so... Thank you very much. If there are no other questions, thank you. So, I'll be very brief. My friend on the other side just briefly mentioned or pointed out that there was no investigation into raising this claim. I think, as Judge Kethledge, you pointed out, if there was more investigation, more investigation would entail doing more research into Michigan law. But there's no Michigan law that says that multiple offender, or, excuse me, sentencing findings can have preclusive... What about your opponent's reference to the Watts case? I'm not familiar with the Watts case. I don't know if that was cited in opposing counsel's brief. However, it's still not a sentencing case or a sentencing finding. What we have here is a claim that counsel should have said there were sentencing findings made and that precludes a future prosecution. There is no Michigan case law that says that sentencing findings can preclude future prosecutions. And I think that's very important because prosecutors do stuff like this all the time. The Michigan Court of Appeals pointed out that there's no piecemeal prosecution argument. The legislator is given the discretion on how to charge certain cases. If the prosecutor is precluded from bringing certain charges or from proving more elements in a different case, the prosecutor needs to be aware of this. And the fact that Michigan case law has never addressed this, I don't think you can say that it was objectively unreasonable for counsel to not raise that claim based on the lack of Michigan case law. Can you address whether this made a difference in the sentencing that these were just about a minimum range? Yes, that's correct under Michigan law. All that offense variables do under Michigan law is it gives you a guideline, a range of the minimum sentence. Under Michigan law, the maximum sentence is determined by statute. And what judges do is they take the range but now it's advisory only and I acknowledge opposing counsel is correct that at the time of the unlawfully driving away sentence proceeding, they were mandatory to an extent. They could still go outside of that range if they had principled reasons to. But yes, that is correct that they increased or decreased the minimum range. But again, I want to point out that these particular sentencing factors at issue here would not have changed the range because under OV-3 which isn't contested, that scored I believe it was 100 points. So why did you bother with this five point increase for OV-4 or whatever it was? Well, I think that was the amount of... I mean once it had been found for OV-3 that it was 100. Why did you care about you meaning the prosecution? Well, and things can get overturned on appeal. So say one of the variables was overturned on appeal but it didn't affect the outcome. It's important to get as many points as you... So then it was really important on OV-1 and 2 to the prosecution. In case OV-3 would be overturned on appeal. Sure, but it didn't ultimately end up being essential to the outcome because there's no reason to contest that OV-3 wasn't viable. So we look at it after the fact to see whether it was essential? I think that's right, yes. But that still doesn't change the fact that the prosecutor did not have a full and fair opportunity here to address the aiding and abetting. They had a full and fair opportunity to do whatever they wanted to do. They're the prosecution. Well, yes. To prove the sentencing findings. I don't think that it's fair to say that the prosecutor can put on all the evidence he or she wants in a sentencing proceeding. The trial judges are going to cut that off all day. It's not the same thing as being in front of a jury and proving every element beyond a reasonable doubt. I'm sorry, I believe my time is up. If I could finish my point real quick.  In the Kaczynski case, this court said that the opportunity to prove sentencing findings is not the same as a subsequent civil proceeding. The court said the prosecutor has a much higher motivation than a subsequent civil proceeding. And this is a criminal proceeding where we're talking about putting someone away for life. Thank you very much. Thank you both for your argument and the case will be submitted. And thank you for your representation of your client under the appointment process.